# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40631
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

WILLIAM E. CHANCE, JR.,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; BRAD LIVINGSTON, in
his official capacity as Executive Director of the Texas Department of Criminal
Justice; CYNTHIA LOWERY, in her individual capacity; BILL PIERCE, in his
individual capacity; EDGAR BAKER, in his individual capacity; WARDEN
JOHN RUPERT; WARDEN TODD FOXWORTH,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-435

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant William E. Chance, Jr., appeals the district court's
denial of his motion for attorneys fees under 42 U.S.C. § 1988(b), following the
settlement of his complaint under the Religious Land Use and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-40631

Institutionalized Persons Act, 42 U.S.C. § 2000cc. Chance contends that the district court misinterpreted the settlement agreement and erred in concluding that he was not the prevailing party and not entitled to attorneys fees under § 1988. Even under de novo review, Chance's claims are unavailing. *See Davis v. Abbott*, 781 F.3d 207, 213 (5th Cir. 2015). Particularly in the absence of the legal term of art "prevailing party" in its fees provision, the plain language and the parties' Rule 11 agreement left to the district court the resolution of the issue of entitlement to attorneys fees. *See Davis*, 781 F.3d at 213.

In determining whether a party is the prevailing party, courts use a tripartite test, traceable to the Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't Of Health & Human Res.*, 532 U.S. 598 (2001). *Davis*, 781 F.3d at 214. First, a "plaintiff must achieve judicially-sanctioned relief"; second, "the relief must materially alter the legal relationship between the parties"; and, third, "the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Davis*, 781 F.3d at 214, quoting *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013).

Chance does not contest the district court's construction of the parties' agreement as a private settlement, and he fails to establish that the settlement was anything other than a voluntary agreement by the defendants to alter their future conduct regarding particular religious items required for his practice of a Native American ceremony. *See Davis*, 781 F.3d at 214. As such, the settlement lacked the required judicial imprimatur on the change to the parties' relationship to constitute Chance as the prevailing party. *See Davis*, 781 F.3d at 214.

The judgment of the district court is AFFIRMED.